The Hon. Judge Timothy W. Dore

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>SAITO, KANA J,<br><br>　　　　　Debtor(s). | Bankruptcy Case No. 20-12611-TWD<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM AND INDEBTEDNESS** |
| SUNSTONE SANTA INVESTMENT GROUP, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KANA SAITO,<br><br>　　　　　Defendant. | |

Plaintiff, by and through their undersigned attorneys of record, for their Complaint to Determine Dischargeability of Indebtedness pursuant to 11 USC 523, against Defendant, allege as follows:

## I.    PARTIES

1.1    Sunstone Santa Investment Group, LLC ("Sunstone") is a Washington limited liability company that did business in King County. Sunstone is a creditor and claimant against defendant Kana Saito ("Saito").

COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM AND INDEBTEDNESS -1-

**OSERAN HAHN, P.S.**
**SUITE #1200, 929 108th Ave NE**
**BELLEVUE, WASHINGTON 98004**
**425-455-3900; Facsimile 425-455-9201**

1.2  Kana Saito resides in King County Washington, which is located in the Western District of Washington.

## II.  JURISDICTION AND VENUE

2.1  Saito is a debtor in this Chapter 7 bankruptcy proceeding. Sunstone is listed as a creditor in Debtor's Schedule F, 4.7 with a claim amount of $269,000. Debtor has not received a discharge.

2.2  This is an adversary proceeding objecting to the dischargeability of the debt owed by Saito to Sunstone, brought under 11 USC 523 and Federal Rules of Bankruptcy Procedure 4007 and 7001(6).

2.3  This Court has jurisdiction over this matter pursuant to 28 USC 157(b)(2)(I) and 28 USC 1334. Venue is proper pursuant to 28 USC 1409(a).

## III.  FACTS

3.1  This proceeding arises out of Saito's fraudulent behavior in connection with the sale of a business, Sea-An, LLC to Sunstone. Defendant was both an owner/seller of Sunstone, and also a licensed real estate agent who represented Sunstone as its broker. Saito's fraudulent behavior resulted in Sunstone paying $269,000 for a business based on material omissions and misrepresentations of Saito, hiring her to manage operations of the business at a material loss, and then allowing her to retain a position where she misused company funds for her personal enrichment. Sunstone seeks judgment determining that Saito's debts to Sunstone be nondischargeable.

3.2  The allegations herein formed the basis of a prepetition action against Saito by Sunstone in the King County Superior Court, cause number 19-2-13474-7 SEA.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM AND INDEBTEDNESS -2-

OSERAN HAHN, P.S.
SUITE #1200, 929 108th Ave NE
BELLEVUE, WASHINGTON 98004
425-455-3900; Facsimile 425-455-9201

3.3   Saito has filed and been dismissed from two previous bankruptcy actions, Case numbers 20-12104-TWD, and matter 20-11354-TWD.

3.4   Saito was a licensed real estate agent who represented Sunstone with regards to the purchase of a business called Sea-An, LLC doing business as the Crescendo Dance Academy ("Dance Academy").

3.5   Saito withheld information from Sunstone regarding her conflict of interest and financial and contractual information regarding the Dance Academy that she was required to provide as the seller. Saito ignored her statutory and/or fiduciary duties as Sunstone's agent in order to induce Sunstone to purchase the business. The details of such conduct are alleged in the filings in King County Superior Court, cause number 19-2-13474-7 SEA. A copy of the Amended Complaint filed in the underlying state court action is attached hereto and the allegations therein are hereby incorporated by reference.

3.6   Saito withheld information regarding the Dance Academy's lease, which was to a landlord that Saito had a familial relationship with – causing Sunstone's rent to double.

3.7   Saito took a commission from the sale of Sea-An, LLC despite her conflict of interest and failure to represent the interests of her client, Sunstone.

3.8   After the sale, Saito withheld information regarding the Dance Academy's bank accounts, which she still controlled after the sale. This allowed her to use corporate funds for matters that were not part of the Dance Academy's business, and she enriched and/or embezzled such funds for her own benefit. Sunstone was not aware that the previous business's account was still in use for over a year and a half.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CLAIM AND
INDEBTEDNESS -3-

OSERAN HAHN, P.S.
SUITE #1200, 929 108th Ave NE
BELLEVUE, WASHINGTON 98004
425-455-3900; Facsimile 425-455-9201

3.9     Saito misled Sunstone regarding the bank account and other information regarding the business, like the existence of a separate commercial lease, which she had personally guaranteed.  Saito never disclosed the existence of the commercial lease in the name of Sea-An, LLC to Sunstone, and Sunstone only discovered it when the landlord sent a notice to pay or vacate to Sunstone in December 2018.  On information and belief, Saito did not disclose this separate lease to Sunstone because it had no value to the Dance Academy, and she had personally guaranteed it.

## IV.     CAUSE OF ACTION

**MONEY OBTAINED BY FALSE PRETENSES, FALSE REPRESENTATIONS AND FRAUD. 11 USC 523(a)(2)(A)**

4.1     Plaintiff restates and realleges the above allegations as if fully stated herein.

4.2     Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, a debtor will not be discharged for debts obtained by false pretenses, false representations or actual fraud.

4.3     The foregoing material misrepresentations, omissions and concealments by Saito were made intentionally, recklessly, and/or with knowledge of their falsity, and with the intention that Sunstone would rely and act on them.

4.4     Sunstone acted in reasonable reliance on Saito's misrepresentations, acts and omissions to its detriment.

4.5     As a direct and proximate result of Saito's fraudulent misrepresentations and omissions, she is liable to Sunstone for compensatory damages in an amount to be determined at trial.

4.6     Saito is indebted to Plaintiff for money and property obtained by false pretenses, false representations and actual fraud.

## MONEY OBTAINED BY FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT. 11 USC 523(a)(4)

4.7     Plaintiff restates and realleges the allegations stated above as if fully set forth herein.

4.8     Pursuant to Section 523(a)(4) of the Bankruptcy Code, a debtor will not be discharged for debts obtained by fraud or defalcation while acting in a fiduciary capacity or by embezzlement.

4.9     The foregoing material misrepresentations, omissions and concealments by Saito were made intentionally, recklessly, and/or with knowledge of their falsity, and with the intention that Saito would rely and act on them while she was Sunstone's real estate agent.

4.10    Saito's status as Sunstone's agent imparted upon her fiduciary duties, which she violated.

4.11    Saito was hired by Sunstone as a manager of the Dance Academy after the sale closed. In that role, she concealed bank accounts and company revenue, and used funds from those accounts to enrich herself and/or embezzle funds.

4.12    As a direct and proximate result of Saito's fraudulent misrepresentations and omissions and breach of her fiduciary duties, she is liable to Sunstone for compensatory damages in an amount to be determined at trial.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CLAIM AND
INDEBTEDNESS -5-

**OSERAN HAHN, P.S.**
**SUITE #1200, 929 108th Ave NE**
**BELLEVUE, WASHINGTON 98004**
**425-455-3900; Facsimile 425-455-9201**

4.13 Saito is indebted to Plaintiff for money and property obtained by false pretenses, false representations and actual fraud perpetrated by reason of her breach of her fiduciary duties

### MONEY OBTAINED IN VIOLATION OF THE WASHINGTON STATE SECURITIES ACT AND BY COMMON LAW FRAUD

4.14 Plaintiff restates and realleges the allegations stated above as if fully set forth herein.

4.15 Pursuant to Section 523(a)(19) of the Bankruptcy Code, a debtor will not be discharged for debts obtained by violation of any state securities law or any common law fraud or deceit in connection with the sale of any security.

4.16 Saito's conduct violated the Washington State Securities Act, RCW 21.20.010 et seq. ("WSSA"), by engaging in a fraudulent practice in connection with the sale of a security – the membership units of Sea-An, LLC. Accordingly, Saito is liable to Sunstone under RCW 21.20.430 in an amount to be proven at trial, plus prejudgment interest, and attorneys' fees and costs.

4.17 Saito is indebted to Sunstone for money obtained in violation of WSSA and fraud and deceit with regards to the sale of securities.

### V. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

5.1 For an Order declaring that Saito's debts owed to Sunstone be deemed non-dischargeable;

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CLAIM AND
INDEBTEDNESS -6-

**OSERAN HAHN, P.S.**
SUITE #1200, 929 108th Ave NE
BELLEVUE, WASHINGTON 98004
425-455-3900; Facsimile 425-455-9201

5.2 For damages, in an amount to be proven at trial;

5.3 For such other and further relief as this Court deems just and proper;

**DATED** this 8th day of December, 2020.

                    OSERAN HAHN, P.S.

                    By_/s/Teru S. Olsen_____
                    TERUYUKI S. OLSEN, WSBA #40855
                    929 -108th Avenue N.E., Suite #1200
                    Bellevue, Washington 98004
                    *Attorneys for Sunstone Santa Investment Group, LLC*

COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM AND INDEBTEDNESS -7-

**OSERAN HAHN, P.S.**
**SUITE #1200, 929 108th Ave NE**
**BELLEVUE, WASHINGTON 98004**
**425-455-3900; Facsimile 425-455-9201**